UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JULIANNA WASSERMAN,<br><br>              Plaintiff,<br><br>     v.<br><br>NEW YORK CITY DEPARTMENT OF EDUCATION and<br>JOHN/JANE DOE 1-5,<br><br>              Defendants. | Docket No.<br><br>**COMPLAINT** |

Plaintiff Julianna Wasserman ("Wasserman" or "Plaintiff"), by her undersigned counsel, alleges the following which is based on personal knowledge and the investigation of counsel.

## NATURE OF THE ACTION

1. Plaintiff preschool teacher Julianna Wasserman brings this action against her employer, the New York City Department of Education ("DOE"), because her then-Principal, Doreen Esposito, Principal of Public School 290 on the Upper East Side of Manhattan, interfered and retaliated against Wasserman on more than one occasion after she requested medical leave to undergo necessary corrective knee surgery.

2. During these conversations, Esposito further threatened Wasserman by saying that she **"cannot guarantee that she will have her spot when she comes back"** and then followed through with her threat by forcing her to pack up her desk before she left for her surgery.

3. Esposito and her staff subsequently failed to approve Wasserman for continued salary and other leave benefits that should otherwise have been immediately activated, which required Wasserman to go into debt to make ends meet while she was supposed to be recovering from surgery.

4.     This action is brought under the Family Medical Leave Act, 29 U.S.C. §2601, *et seq.* ("FMLA") for unlawfully (1) interfering with, restraining, or denying the exercise of, or the attempt to exercise, an FMLA right and (2) discriminating and/or retaliating against Plaintiff, in that Plaintiff's position was threatened because she requested leave from Defendant to undergo and recover from an FMLA-covered surgical procedure.

5.     This action is also brought under Chapter 1, Title 8, §§8-107(1)(a) and 8-107(7) of the Administrative Code of the City of New York (the "New York City Human Rights Law" or "NYCHRL") for interference with a reasonable accommodation and unlawful discrimination and retaliation of Wasserman for her known temporary disability and need and request for leave.

## JURISDICTION AND VENUE

6.     The Court has jurisdiction over Plaintiff's claims pursuant to 29 U.S.C. §2601, *et seq.*, 42 U.S.C. §12101, *et seq.*, and 28 U.S.C. §§1331 and 1343.

7.     The Court has jurisdiction over claims brought under city law pursuant to 28 U.S.C. §1367.

8.     Venue is proper in this District because PS290, where Plaintiff worked, is located within the Southern District of New York, and the events giving rise to Plaintiff's claims occurred in the Southern District of New York, including Plaintiff's employment, request for medical leave and DOE's unlawful interference and discrimination against Plaintiff.

## PROCEDURAL PREREQUISITES

9.     Plaintiff has satisfied all the procedural prerequisites for the commencement of the instant action because contemporaneously with the filing of this Complaint, in that Plaintiff a) served a Notice of Claim upon Defendant DOE within the statutory period as detailed in Section 50-e of New York's consolidated laws and b) mailed copies of the instant summons and verified

complaint to the New York City Commission of Human Rights ("NYCCHR") and the Office of the Corporation Counsel of the City of New York ("Corporation Counsel") pursuant to the notice requirements of § 8-502 of the New York City Administrative Code. A copy of the notice of claim is annexed hereto as Exhibit A, and a copy of the transmittal letters to the NYCCHR and Corporation Counsel is annexed hereto as Exhibit B.

## PARTIES

10. At all times relevant hereto, Plaintiff was an employee of Defendant and resides in New York County, New York.

11. At all times relevant hereto, Defendant New York City Department of Education (the "DOE") was and is a New York City governmental agency responsible for the administration of New York City's public school system, which is in the City and State of New York.

12. The Doe Defendants are named herein as fictitious persons/entities, as they are currently unknown (if they exist at all) and are other persons that may be liable to Plaintiff for the injuries set forth in this complaint and to which an amended complaint may be necessary.

13. Defendant was Plaintiff's employer within the meaning of the FMLA because it was engaged in commerce or in an industry affecting commerce who employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

14. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, because she: (a) suffered from a serious health condition as defined by the FMLA which necessitated FMLA leave; and (b) was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to seeking to exercise her rights to FMLA leave.

15. The DOE was also Plaintiff's employer within the meaning of the NYCHRL.

## SUBSTANTIVE ALLEGATIONS

**Wasserman Joins PS 290 and Initial Injury**

16. Plaintiff joined PS 290 before the 2021-22 academic year.

17. At all times relevant here, Plaintiff worked with pre-school aged children through the Universal Pre-K program.

18. In or around April 4, 2022, Plaintiff fell outside her apartment building and severely injured her knee, tearing her anterior cruciate ligament and meniscus to the extent that she temporarily could not walk and needed to crawl and/or find places to hold onto to stabilize standing and walking.

19. In the days after her injury, Principal Esposito strongly discouraged Plaintiff from taking time off from work before the end of the academic year in June.

20. Esposito coerced Plaintiff, through one of her assistants, that she **"would not want to see Wasserman not get asked back the following year because she took time off"** to deal with her injury, which chilled Wasserman and made her very concerned about her career and the way the school was handling her serious injury.

21. As a result of Esposito threatening Wasserman and being contacted by Esposito and Assistant Principal Amy O'Brien ("O'Brien") to return to work as soon as possible *while Wasserman was out on medical leave*, she felt pressured to return to work even before she had fully recuperated, and in the process struggled to move around the classroom and school building with the use of medical devices such as crutches.

**Wasserman Re-injures Knee After Falling on PS290 Staircase in Academic Year 2022-23**

22.     The following academic year, on or about October 4, 2022, Plaintiff fell while walking down the stairwell at school, which caused Plaintiff to reinjure her knee.

23.     At all relevant times, Defendant was aware that Plaintiff reinjured her knee, as Plaintiff notified PS 290 administration on October 6, 2022, and filled out an incident report on or about October 7, 2022.

24.     The injuries to Plaintiff's knee made painful and otherwise disrupted the major life activities of bending, walking, standing, and lifting, which DOE was also aware.

25.     On or about October 12, 2022, Plaintiff's doctor confirmed the worst: that Plaintiff had likely re-torn her ligaments and would require physical therapy, at minimum, and if that did not work then a more difficult surgical procedure to attempt to permanently re-stabilize Plaintiff's knee so that she could eventually walk again without incident or pain.

26.     Plaintiff underwent regular physical therapy for approximately two months, and her knee stability did not improve.

27.     By December 13, 2022, Plaintiff's doctors confirmed that Plaintiff would need surgery for her knee and that Plaintiff would remain in pain and unstable until she underwent the surgical procedure.

28.     In a subsequent meeting at the end of January 2023, Plaintiff's doctor advised that she had already started to develop long term issues related to the integrity of her knee, including arthritis, because she had not received surgery yet, which she was also told would only continue to worsen until the corrective surgery was performed.

29.     During this same time, in or around February 2023, Principal Esposito interfered with DOE medical claims process when she discouraged Wasserman from filing an incident report,

taking the incident report out of Wasserman's hands and telling her that "if we did [an incident report] for every time something happened, we'd have piles [all over the office]."

**Interference and Retaliation For Wasserman's Protected Request for Medical Leave**

30. On January 27, 2023, Plaintiff submitted a letter from her doctor regarding her need for time off from work to undergo surgery to O'Brien.

31. Later that same day, Plaintiff met with Principal Esposito, where Esposito was visibly angry and yelled at Wasserman for her request, demanding that Wasserman **"has three months (during the Summer) to take time off to do this (surgery)"** and telling Wasserman that she was **"kind of turned off by [her FMLA request],"** while visibly angry at her. Esposito abruptly left the room after telling Wasserman she **"needs a break from this conversation"** to calm herself down from Wasserman's protected request for medical leave. All of these behaviors unlawfully interfered with Wasserman's protected request for medical leave.

32. On February 7, 2023, during a follow up meeting the meeting with Principal Esposito and O'Brien, they interfered with Plaintiff's ability to take leave and retaliated against her, including:

a. threatening Wasserman that she **"can't guarantee that she will have her same job again when she comes back"**;

b. saying Wasserman cannot take leave now because the school did not have enough time to find another teacher;

c. telling Wasserman that she was not "thinking about the whole picture and the impact" of her actions on the students;

6

    d. criticizing Wasserman, saying that Wasserman needs to "work on [her] management," and in that way, tying Wasserman's request for medical leave to her work performance;

    e. telling Wasserman that if she took leave she would not be able to get tenure as planned and that Esposito would tell the Superintendent herself that Wasserman should not get tenure at this time; and

    f. O'Brien saying she was disappointed with Wasserman for requesting medical leave.

The above are merely examples of DOE's interference with Wasserman's right to request medical leave, and constitute unlawful retaliation for her protected requests, all of which demonstrates that Wasserman was treated less well because of her disability.

33. Wasserman did not have a medical choice about undergoing surgery at that time without compromising the permanent health of her knee and ability to walk, so she pushed forward with her request and ultimately Wasserman was approved to get the surgery and for a time, to recover.

34. Even though there would have been plenty of time for Wasserman to potentially heal and return to her class, before undergoing surgery Esposito made Wasserman go through the humiliating and chilling exercise of packing up her desk, in front of her colleagues, which meant that Esposito had already made the decision that Wasserman would not be permitted to return to her classroom should she be medically fit to return, and forbid Wasserman from communicating with her students or parents outside of informing them that she would be taking medical leave.

35. Shortly thereafter, Wasserman learned that none of the administrative steps necessary to maintain her wages while on leave had been followed, and DOE did not inform

Wasserman of any step she should have taken, so in effect Wasserman was placed on unpaid leave instead of paid leave for at least five months, which again constituted unlawful retaliation against Wasserman.

36. As a result of the school administration failing to properly administer Wasserman's leave, she was left to make ends meet through ways that incurred penalties, fees, and interest, rather than through her regular income, which has harmed Wasserman.

37. As a result of the foregoing, Defendant interfered with Plaintiff's exercise of rights under the FMLA, including her right to medical leave, and retaliated against Plaintiff for attempting to utilize FMLA and NYCHRL protected reasonable accommodation and medical leave.

38. At the time of Plaintiff's request, DOE knew that Plaintiff was temporarily disabled within the meaning of the NYCHRL, including her right to a reasonable accommodation in the form of medical leave while she was temporarily disabled.

39. As a result of Defendant's acts and conduct complained of herein, Wasserman has been harmed, including but not limited to a loss of income, wages, benefits, and other compensation which such employment entails, as well as future pecuniary loss, and emotional distress, inconvenience, loss of enjoyment of life, humiliation, and other non-pecuniary loss, all because of Defendant's actions.

## AS AND FOR A FIRST CAUSE OF ACTION
### FMLA: Interference

40. Plaintiff reincorporates and readopts all allegations contained within this Complaint, as if fully set forth here.

41. At all times relevant hereto, Plaintiff was protected by the FMLA.

42. Section 2612(D) of the Family Medical Leave Act states in pertinent part: "an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period … Because of a serious health condition that makes the employee unable to perform the functions of the position of such employee."

43. Section 105 of the FMLA and Section 825.220 of the FMLA regulations prohibit, among other things, "interfering with, restraining, or denying the exercise of, or the attempt to exercise, any FMLA right."

44. At all times relevant hereto, Defendant interfered with Plaintiff based upon Plaintiff's exercise of his FMLA rights and firing him for requesting FMLA protected leave.

45. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

46. At all times relevant hereto, and for purposes of the FMLA interference claim, Defendant intended to interfere with Plaintiff because Defendant chilled Plaintiff from exercising her right to request and take approved leave pursuant to the FMLA.

47. As a result of Defendant's intentional, willful, and unlawful interference with Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

48. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages and the maximum compensation permissible under the FMLA.

### AS AND FOR A SECOND CAUSE OF ACTION
### FMLA: Discrimination/Retaliation

49. Plaintiff reincorporates and readopts all allegations contained within this Complaint, as if fully set forth here.

50. At all times relevant hereto, Plaintiff was protected by the FMLA.

51. Section 2612(D) of the Family Medical Leave Act states in pertinent part: "an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period … Because of a serious health condition that makes the employee unable to perform the functions of the position of such employee."

52. Section 105 of the FMLA and Section 825.220 of the FMLA regulations further prohibit, among other things, "discriminating or retaliating against an employee for having exercised or attempted to exercise any FMLA right."

53. At all times relevant hereto, Defendant discriminated and/or retaliated against Plaintiff for the exercise of his FMLA rights, by removing Plaintiff from her role for taking leave, and then failing to properly administer Plaintiff's leave so that she would not spend time without wages and having to incur interest and penalties while trying to make ends meet during her recovery.

54. At all times relevant hereto, Plaintiff was protected from discrimination and retaliation under the FMLA.

55. At all times relevant hereto, and for purposes of the FMLA discrimination and retaliation claim, Defendant acted with the intent to discriminate and retaliate against Plaintiff because Plaintiff exercised his rights to take approved leave pursuant to the FMLA.

56. As a result of Defendant's intentional, willful, and unlawful acts by discriminating and retaliating against Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

57. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages and maximum compensation permissible under the FMLA.

## AS AND FOR A THIRD CAUSE OF ACTION
### NYCHRL: Disability Discrimination

58. Plaintiff reincorporates and readopts all allegations contained within this Complaint, as if fully set forth here.

59. At all times relevant hereto, Plaintiff was protected by Chapter 1, Title 8, §§8-107(1)(a) of the Administrative Code of the City of New York (the "New York City Human Rights Law" or "NYCHRL") because of her disability.

60. DOE treated Wasserman less well because of her disability, all of which was adverse employment action that was permitted and condoned by DOE.

61. The acts of DOE constitute unlawful discrimination against Wasserman in violation of §8-107(1)(a) of the New York City Human Rights Law, which provides, *inter alia* that:

> It shall be unlawful discriminatory practice… [f]or an employer or an employee or agent thereof, because of a perceived disability…of any person, to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions, or privileges of employment.

62. As a result of DOE's violations of the New York City Human Rights Law §8-107(1)(a), DOE is liable to Wasserman pursuant to §8-502(a) of said statute for "damages, including punitive damages" and pursuant to §8-502(f) of the statute for "costs and reasonable attorney's fees," as provided for under the law.

63. Wasserman has been caused to suffer injuries resulting in emotional suffering and has been humiliated, demeaned, and otherwise degraded because of DOE's conduct in violation of her human rights, all of which severely impacted her well-being and the quality of her life.

64. As a direct and proximate result of DOE's discriminatory conduct complained of herein, Wasserman has suffered damages, injuries, and losses, both actual and perspective, which

11

includes damage to her career and emotional pain and suffering she has been caused to suffer and continues to suffer.

65. Wasserman, therefore, seeks judgment against DOE on this cause of action, including, among other things, for compensatory damages, together with costs, pre-judgment interest and reasonable attorney's fees.

## AS AND FOR A FOURTH CAUSE OF ACTION
### NYCHRL: Retaliation

66. Plaintiff reincorporates and readopts all allegations contained within this Complaint, as if fully set forth here.

67. At all times relevant hereto, Plaintiff was protected by Chapter 1, Title 8, §§8-107(7) of the Administrative Code of the City of New York (the "New York City Human Rights Law" or "NYCHRL") because of her disability.

68. DOE retaliated against Wasserman by removing her from her classroom and then failing to properly administer her paid leave, all of which was adverse employment action that was permitted and condoned by DOE.

69. The acts of DOE constitute unlawful retaliation against Wasserman in violation of §8-107(7) of the New York City Human Rights Law, which provides, *inter alia* that:

> It shall be an unlawful discriminatory practice for any person engaged in any activity to which this chapter applies to retaliate or discriminate in any manner against any person because such person has … (v) requested a reasonable accommodation under this chapter.

70. As a result of DOE's violations of the New York City Human Rights Law §8-107(7), DOE is liable to Wasserman pursuant to §8-502(a) of said statute for "damages, including

12

punitive damages" and pursuant to §8-502(f) of the statute for "costs and reasonable attorney's fees," as provided for under the law.

71. Wasserman has been caused to suffer injuries resulting in emotional suffering and has been humiliated, demeaned, and otherwise degraded because of DOE's conduct in violation of her human rights, all of which impacted her well-being and the quality of her life.

72. As a direct and proximate result of DOE's discriminatory conduct complained of herein, Wasserman has suffered damages, injuries, and losses, both actual and perspective, which includes damage to her career and emotional pain and suffering she has been caused to suffer and continues to suffer.

73. Wasserman, therefore, seeks judgment against DOE on this cause of action, including, among other things, for compensatory damages, together with costs, pre-judgment interest and reasonable attorney's fees on this cause of action.

## JURY TRIAL DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury on all issues so triable.

**WHEREFORE**, Plaintiff respectfully requests that this Court issue an Order:

A. Assuming jurisdiction over this action;

B. Granting judgment to Plaintiff on her FMLA and NYCHRL interference and discrimination claims and awarding compensatory damages equal to all lost wages, benefits and other monetary damages resulting from Defendant's unlawful interference, discrimination and retaliation of Plaintiff and to otherwise make

    Plaintiff whole for any losses suffered as a result of these unlawful employment practices;

C. Granting judgment to Plaintiff and awarding her liquidated damages in an amount equal to the compensatory damages awarded for FMLA interference and retaliation;

D. Granting judgment to Plaintiff and awarding her compensatory damages for emotional and mental distress, pain and suffering and injury to her reputation in an amount to be demonstrated at trial;

E. Granting pre- and post-judgment interest as allowed by law;

F. Granting Plaintiff his reasonable attorney's fees and costs as allowed by law; and

G. Any and all further relief that this Court determines to be just and appropriate.

DATED: March 6, 2024

                                      **KOVEL LAW PLLC**

                                      By: *s/ Daniel H. Kovel*
                                      Daniel H. Kovel, Esq. (DK6676)
                                      14 East 96th Street, Suite 3
                                      New York, New York 10128
                                      Telephone: (646) 397-1729
                                      dkovel@kovel-law.com

                                      *Attorneys for Plaintiff*

# EXHIBIT A



Kovel Law PLLC
Daniel H. Kovel, Esq.
phone: 646.397.1729
e-mail: dkovel@kovel-law.com

---

April 19, 2023

**Via USPS PRIORITY MAIL**

N.Y.C. Department of Education
52 Chambers Street, Room 320, B4
New York, New York 10007

                Re:      Notice of Claim
                              Julianna Wasserman v. NYC Dept. of Education

To Whom It May Concern:

      On behalf of JULIANNA WASSERMAN, a current employee of the New York City Department of Education, please take notice that this is a Notice of Claim pursuant to General Municipal Law § 50-E. The claimant's information is as follows:

| Name and Address of Claimant: | Julianna Wasserman<br>8 Millay Court<br>Teaneck, NJ 07666 |
|---|---|
| Attorney for Claimant: | Kovel Law PLLC<br>14 East 96th Street #3<br>New York, NY 10128 |
| Nature of Claim: | (1) Disability discrimination and retaliation in violation of New York State Human Rights Law (N.Y. Exec. L. §290) and New York City Human Rights Law (N.Y.C. Admin. Code §8 -101).<br><br>(2) Interference and Unlawful Retaliation/ Termination of employment in violation of Family Medical Leave Act (29 U.S.C. §2601) and ADA (42 U.S.C. §§12101). |
| Time and Place: | At least January 31, 2023, through and including April 19, 2023, and ongoing. |

|  | P.S. 290 |
|---|---|
|  | 311 East 82nd Street |
|  | New York, NY 10028 |
|  |  |
|  | And |
|  |  |
|  | Tweed Courthouse |
|  | 52 Chambers Street |
|  | New York, New York 10007 |
| Items of Damages: | Salary and compensatory loses in an amount exceeding $300,000. |

## ATTORNEY AFFIRMATION

DANIEL H. KOVEL, an attorney at law duly admitted to practice before this Court, states that (1) I am counsel for the claimant, JULIANNA WASSERMAN, in the above-referenced matter; and (2) I declare and affirm, pursuant to CPLR § 2106, that the foregoing is true and correct.

Sincerely,

Daniel H. Kovel, Esq.



```
                    SCARSDALE
                   29 CHASE RD
              SCARSDALE, NY 10583-9998
                   (800)275-8777
04/19/2023                              03:50 PM

Product              Qty    Unit         Price
                            Price

Priority Mail®        1                  $9.65
Flat Rate Env
   New York, NY 10007
   Flat Rate
   Expected Delivery Date
      Thu 04/20/2023
   Tracking #:
      9510 8141 9899 3109 6240 29
   Insurance                             $0.00
      Up to $100.00 included
   Signature                             $3.80
   Confirm
Total                                   $13.45

US Flags Bklt/20     1     $12.60       $12.60


Grand Total:                            $26.05

Credit Card Remit                       $26.05
   Card Name: VISA
   Account #: XXXXXXXXXXXX7684
   Approval #: 00699G
   Transaction #: 691
   AID: A0000000031010         Chip
   AL: VISA CREDIT
   PIN: Not Required       CHASE VISA


    In a hurry? Self-service kiosks offer
     quick and easy check-out. Any Retail
        Associate can show you how.

  Text your tracking number to 28777 (2USPS)
  to get the latest status. Standard Message
    and Data rates may apply. You may also
   visit www.usps.com USPS Tracking or call
                1-800-222-1811.

        Save this receipt as evidence of
    insurance. For information on filing an
              insurance claim go to
         https://www.usps.com/help/claims.htm
              or call 1-800-222-1811

              Preview your Mail
              Track your Packages
              Sign up for FREE @
          https://informeddelivery.usps.com

     All sales final on stamps and postage.
     Refunds for guaranteed services only.
          Thank you for your business.

          Tell us about your experience.
     Go to: https://postalexperience.com/Pos
     or scan this code with your mobile device.
```



```
          or call 1-800-410-7420.


UFN: 357525-0098
Receipt #: 840-51050057-4-5321503-2
Clerk: 10
```

# EXHIBIT B



Kovel Law PLLC
14 East 96th Street Suite #3
New York, New York 10128
phone: 646.397.1729
e-mail: dkovel@kovel-law.com

March 6, 2024

**Via USPS Certified Mail, Return Receipt Requested**

Hon. Annabel Palma, Chair
New York City Commission on Human Rights
22 Reade Street
New York, NY 10007

Hon. Sylvia O. Hinds-Radix
Corporation Counsel of the City of New York
New York City Law Department
100 Church Street
New York, NY 10007

**RE:   JULIANNA WASSERMAN v. NEW YORK CITY DEPT. OF EDUCATION and JOHN/JANE DOES Nos. 1 to 5**

Your Honors:

    Pursuant to the notice requirements of Section 8-502 of the New York City Administrative Code, please find enclosed copies of the Complaint in the above-referenced action, which today is being filed in the United States District Court for the Southern District of New York.

Respectfully submitted,

Daniel H. Kovel

Enc.